**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NOEMI IRIZARRY, ) | CASE NO.  1:13-cv-02161 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | VECCHIARELLI |
| ) | |
| CAROLYN W. COLVIN, ) | |
|    Commissioner of Social Security, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Defendant. ) | **ORDER** |

This case is before the Magistrate Judge by the consent of the parties.  (Doc. No. 14.)  On March 4, 2015, Plaintiff, Noemi I. Irizarry ("Plaintiff"), through her attorney, Kirk B. Roose, filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,539.00.  (Doc. No. 24.)  Defendant, Carolyn W. Colvin, the Commissioner of Social Security ("Commissioner"), opposes Plaintiff's motion.  (Doc. No. 26.)  For the reasons set forth below, Plaintiff's motion for EAJA fees is GRANTED in part and DENIED in part, *i.e.*, Plaintiff shall be awarded $6,140.86 to fully satisfy all reasonable attorney's fees, expenses, and costs incurred under EAJA.

## I.  BACKGROUND

On October 1, 2013, Plaintiff filed her complaint to challenge the Commissioner's final decision denying Plaintiff's applications for Social Security disability benefits.  (Doc. No. 1.)  Plaintiff asserted five assignments of error: (1) the administrative law judge ("ALJ") violated the treating physician rule; (2) the ALJ erred by failing to use the "special technique" that must be used when a claimant is found to have severe mental

impairments; (3) the ALJ failed to explain the weight given to examining Physician Assistant Dan Basinski; (4) the ALJ's residual functional capacity ("RFC") did not adequately account for Plaintiff's moderate carpal tunnel syndrome; and (5) the ALJ's decision was unreviewable because the ALJ found that Plaintiff required a sit/stand option but made no findings about frequency or duration.  The Court affirmed the ALJ's decision on all but one of Plaintiff's assignments of error.  Specifically, the Court concluded that the ALJ failed to explain his reasons for omitting limitations in social functioning assigned by Plaintiff's treating psychiatrist, F. Gregory Noveske, M.D. from Plaintiff's RFC:

> Here, the ALJ purports to accept Dr. Noveske's September 2011 opinion that Plaintiff was moderately impaired in the area of social functioning, as the ALJ assigned "considerable weight" to Dr. Noveske's mental assessment, noting that it was consistent with his treatment notes. (Tr. 853.) The ALJ did not, however, include any limitations relating to social interaction in Plaintiff's RFC, nor did he explicitly reject Dr. Noveske's opinion regarding Plaintiff's social limitations or explain his reasons for not adopting Dr. Noveske's opinion.  The Commissioner argues that the ALJ was not required to adopt Dr. Noveske's assessment of Plaintiff's social limitations, because the record shows that Plaintiff had no problems getting along with others, and because the jobs the VE identified that Plaintiff could perform involve work with things, not people.  The ALJ, however, did not identify or discuss these rationales when implicitly rejecting Dr. Noveske's opinion regarding Plaintiff's social limitations.  "[T]he courts may not accept appellate counsel's *post hoc* rationalizations for agency action.  It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Berryhill v. Shalala*, 4 F.3d 993, *6 (6th Cir. Sept. 16, 1993) (unpublished opinion) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 50 (1983) (citation omitted)).  Accordingly, Plaintiff has identified a basis for remand of her case.

(Doc. No. 22 at 18-19.)  The Court concluded that "[o]n remand, the ALJ shall clearly

address Dr. Noveske's opinion regarding Plaintiff's limitation in social functioning and accurately account for any limitation the ALJ finds in that area in Plaintiff's RFC." (*Id.* at 19.)

On March 4, 2015, Plaintiff filed her motion for attorney fees pursuant to the EAJA.  (Doc. No. 24.)  In the fees application, Plaintiff seeks $7,539.00 in attorneys fees for a total of 41.1 hours of services rendered.  This number consists of: (1) 26 hours expended by Attorney Kirk B. Roose on the merits of the appeal; (2) 1.8 hours expended by Attorney Roose on the EAJA application; (3) 11.5 hours expended by Attorney Melissa L. Kunder on the merits of the appeal; and (4) 1.8 hours expended by counsels' "appellate assistant" on the merits of the appeal.  Plaintiff requests an hourly rate of $190.00 for her attorneys and an hourly rate of $40 for her attorneys' "appellate assistant."

Thereafter, the Commissioner filed her response in opposition to Plaintiff's motion.  (Doc. No. 26.)  The Commissioner argues that an EAJA award is not warranted because her position was substantially justified.  She further requests that if the Court finds that her position was not substantially justified, Plaintiff's requested fees under the EAJA should be reduced to $4,936.00, because Plaintiff seeks compensation for an excessive number of hours.[1]  Additionally, the Commissioner contends that any EAJA award should be paid to Plaintiff and not Plaintiff's counsel.

In April 2015, Plaintiff filed a reply in support of her fees application.  (Doc. No. 29.)  In addition to addressing the Commissioner's arguments, Plaintiff requests a

---

[1] The Commissioner does not challenge Plaintiff's requested hourly rates.

3

supplemental award of attorney fees of $380.00, representing two hours expended by Attorney Roose in researching and preparing the reply. Accordingly, Plaintiff requests a total of $7,919.00 in attorney fees.[2]

## II. LAW AND ANALYSIS

The EAJA permits the Court to award fees and other expenses to a prevailing party in a civil action against the United States unless the United States' position was substantially justified or other special circumstances exist. *See* 28 U.S.C. § 2412(d)(1)(A). A plaintiff is the "prevailing party" when he or she succeeds on any significant issue in the litigation resulting in the benefit of a remand. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (Katz, J.). Here, there is no dispute that Plaintiff is the "prevailing party," as the Court entered judgment in Plaintiff's favor and remanded the case. The Commissioner, however, contends that: (1) Plaintiff is not entitled to attorney fees in this case because the Commissioner's position was substantially justified; and (2) in the alternative, if Plaintiff is entitled to fees, her fee request must be reduced because her counsel expended an unreasonable number of hours on the case.

**A.    Whether the Commissioner's Position was Substantially Justified**

Substantially justified means "justified to a degree that could satisfy a reasonable person." *Noble v. Barnhart,* 230 F. App'x 517, 519 (6th Cir. 2007) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of

---

[2] In her reply, Plaintiff incorrectly states that her total request is $7,918.00. (Doc. No. 29 at 8.) The total of her two fees requests, however, is $7,919.00 ($7,539.00 + $380.00 = $7,919.00).

4

establishing that her position was substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir.1999).  In other words, a "[p]laintiff is presumptively entitled to attorney fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust."  *Olive*, 534 F. Supp. 2d at 758.  The government discharges its burden of proving that its position was substantially justified by "proving that the position had a reasonable basis both in law and fact."  *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014) (internal citation and quotation marks omitted).

The Commissioner argues that her position was substantially justified because the error that warranted remand was merely an "articulation error" surrounded by an otherwise thorough analysis by the ALJ. (Doc. No. 26 at 4.)  The Commissioner also argues that "the lack of overwhelming evidence of disability in this case supports a finding that the Commissioner's position was substantially justified." (*Id*.)  Plaintiff contends that the error in this was more than a mere articulation error, and that the purported lack of evidence of disability is not relevant to the issue of attorney fees in this case.  (Doc. No. 29 at 4-5.)

Plaintiff's entitlement to attorney fees in this case depends upon whether the error identified by this Court as the basis for remand was merely an error in articulation, or a substantive error.  The Sixth Circuit has determined that "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification."  *Delong*, 748 F.3d at 727.  In *DeLong*, the district court

5

remanded the plaintiff's case to the agency for further administrative proceedings, noting that the ALJ had failed to provide good reasons for discounting the opinion of a treating physician, as required by 20 C.F.R. § 404.1527(c)(2).  In remanding the case, the district court observed that "[t]he record did *not* strongly establish" the plaintiff's entitlement to benefits.  748 F.3d at 726 (emphasis and alternation in original).

Thereafter, the plaintiff filed an application for EAJA fees, which the district court denied.  On plaintiff's appeal, the Sixth Circuit affirmed the district court's order, explaining that the error identified by the district court was in the ALJ's failure to explain the weight he assigned to the various medical opinions, rather than in the substantive issue of whether the ALJ properly considered them:

> As the District Court recounted, "[T]he fatal flaw in the ALJ's opinion [wa]s *not* in the weight he found appropriate for the various medical opinions," but rather in his failure to *explain* his findings adequately.  The District Court thus vacated the ALJ's decision and remanded DeLong's case on this procedural error rather than on substantive grounds.
>
> * * *
>
> Here, contrary to DeLong's assertions, the ALJ did not ignore the opinions of DeLong's treating physicians.  As the record reflects, even where the ALJ did not reference certain physicians by name, he included in his analysis operations they had performed and records they had produced.

*Id*. at 727 (emphasis in original).  The decision in *DeLong* relied, in part, on the fact that, while the ALJ may not have adequately explained his decision to assign a particular weight to a medical opinion at the precise location in his decision where he addressed the issue of weight, the rest of the ALJ's opinion adequately supported his finding with respect to that issue.  The Sixth Circuit's reasoning in *DeLong* reflects the reality of

6

administrative decisions in this context: although an ALJ may fail to provide an adequate explanation of his or her conclusion regarding an issue at a specific point in the relevant decision, review of the decision as a whole will sometimes support his or her conclusion on that issue.  It is this narrow class of cases that constitute "mere articulation errors" in which the Commissioner's position was substantially justified.

Here, the Commissioner contends that the error identified by this Court as the basis for remand in this case "dealt with the level of articulation provided by the ALJ." (Doc. No. 26 at 4.)  That is not, however, an accurate description of this Court's analysis in remanding the case.  As this Court discussed in its Order remanding this case, here, the ALJ "failed to address altogether" the social functioning limitations assigned by one of Plaintiff's treating physicians, despite having assigned "considerable weight" to that physician's opinion. (Doc. No. 22 at 18-19.)  In other words, nothing in the ALJ's decision explained the omission of those limitations from Plaintiff's RFC.  The ALJ's failure to provide any explanation – at any point in his decision – for the omission of these limitations not only violated a well-established rule, *see Fleischer v. Astrue, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011)* (Lioi, J.), but also resulted in an RFC that was inconsistent with the ALJ's stated analysis of the medical evidence in the record – a substantive error that rendered this issue unreviewable by this Court.  *See, e.g., Glenn v. Comm'r of Soc. Sec., 763 F.3d 494, 499 (6th Cir. 2014)* (finding that the Commissioner's position was not substantially justified where "[s]everal of the ALJ's errors in analysis were plainly contrary to law').  Accordingly, this case does not fall into the small category of cases described in *DeLong*.

The Commissioner also argues that the lack of "overwhelming" evidence of

7

disability in this case supports a finding of substantial justification. (Doc. No. 26 at 4.) The Commissioner, however, overstates the importance of this issue in this Court's analysis of whether the Commissioner's position was substantially justified. The Sixth Circuit has observed that "the strength of [a plaintiff's] administrative case" is "*relevant to* the Commissioner's justification for the denial of benefits." *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 461 (6th Cir. 2012) (emphasis added). The Commissioner points to no legal authority – and research reveals none – holding that the strength of the evidence of disability can be the sole basis for supporting a finding of substantial justification. This is particularly true where, as in this case, the district court identifies a substantive error that compels remand. Indeed, requiring such analysis by a district court in this context invades the province of the Commissioner because it requires the Court to weigh the evidence, and contradicts the deferential substantial evidence level of review applied to the Commissioner's decisions. Accordingly, the Commissioner's argument lacks merit. In this case, the Commissioner's position was not substantially justified and, thus, Plaintiff is entitled to attorney fees.

**B.    Whether Plaintiff's Counsel Expended an Unreasonable Number of Hours on the Case**

The Commissioner argues that Plaintiff's counsel expended an unreasonable number of hours on the merits of this case. The Court agrees. Review of the billing records of Plaintiff's counsel reveal that, between February 3 and February 6, 2014, Attorney Kunder expended 15 hours preparing the brief in this case. (Doc. No. 24-1.) On March 7, 2014, she expended 1.5 hours proofreading the brief, for a total of 16.5 hours. (*Id.*) On February 26, 2014, Attorney Roose expended 5.3 hours for

8

"continue[d] research and additional writing for brief." (*Id.*) He expended 8.3 hours for the same type of work on March 6, 2014. (*Id.*) On March 7, 2014, Attorney Roose expended 3.6 hours to "revise, edit, and file" the brief. (*Id.*) In total, Attorney Roose expended 17.2 hours preparing and filing the brief in this case. In sum, the billing records reflect that Plaintiff's attorneys expended multiple hours performing the same work, or that Attorney Roose spent substantial time editing or rewriting Attorney Kunder's work. Plaintiff offers no explanation for the number of hours expended by two different attorneys on what was apparently the same work. Absent some other explanation – such as an affidavit describing a reasonable division of labor between the two attorneys – the hours reflected in the billing records for the time spent on the brief are duplicative.[3] As the Sixth Circuit has observed in a different fee context, "Plaintiffs are not entitled to have any number of well-qualified attorneys reimbursed for their efforts, when fewer attorneys could have accomplished the job." *Ky. Res. Concepts, Inc. v. Louisville* 117 F. App'x 415, 419 (6th Cir. 2004) (addressing a fee request under 42 U.S.C. § 1988). Further, a prevailing party is not entitled to recover for "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (same).

Plaintiff has deducted five hours from the total number of hours expended by

---

[3] Plaintiff's attorneys report their time using the block billing method, which makes it impossible for this Court to ascertain whether Attorney Roose and Attorney Kunder actually performed different types of work or distinct tasks with respect to the brief. While there is no principle that prohibits block billing, counsel who engage in this practice do so at their own peril when the amounts claimed appear to be excessive. *See, e.g., Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006).

9

Attorney Kunder.  (*Id*.)  Plaintiff also deducts five hours from the total hours expended by Attorney Roose.  (*Id*.)  The billing records state that the deductions are "due to possible duplication of services," but are not specific regarding what services were allegedly duplicated.  (*Id*.)  Further, the billing records suggest that Attorney Roose spent substantial time supplementing, revising or editing Attorney Kunder's work. It is impossible to determine what benefit, if any, resulted from Attorney Kunder's work; the total hours expended strongly suggests duplication.  Accordingly, the Court finds that only one attorney's time is compensable to adjust for duplication, and it is reasonable to allow Plaintiff the five hours deducted by Attorney Roose, and deny compensation for all of the hours expended by Attorney Kunder on the brief.  **Accordingly, this Court deducts 6.5 of the hours requested by Plaintiff for the hours expended by her attorneys on the brief in this matter.  This number reflects the restoration of the 5 hours voluntarily deducted by Attorney Roose and the deduction of the 11.5 hours expended by Attorney Kunder on the brief in this case, for a net deduction of 6.5 hours.**[4]

The Commissioner also argues that this Court should reduce the number of

---

[4] The Commissioner argues in a perfunctory manner that this Court should reduce the total amount of compensable hours expended on the merits in this case by 10.3, because only one of Plaintiff's arguments was successful in this Court, and because counsels' efforts were generally duplicative and unreasonable, particularly in light of the fact that Attorney Roose represented Plaintiff at the administrative level and, thus, was familiar with her records.  Plaintiff responds that the amount of hours expended by counsel in this case is within the "range of 30-40 hours for attorney work on the merits of a 'routine' Social Security case."  (Doc. No. 29 at 6.)  Plaintiff, however, cites to no binding authority – and this Court has never held – that the range of hours identified by Plaintiff is *per se* reasonable for a "routine" case.

hours requested for work performed by Attorney Roose on the reply brief in this matter. The billing records reflect that Attorney Roose expended 6.4 hours "review[ing] briefs, prepar[ing], edit[ing], and fil[ing] reply brief." (Doc. No. 24-1 entry at 12/11/12.) The Commissioner argues that Plaintiff's reply brief in support of the merits of her appeal "contained only six pages of substance . . . and mostly repeats the assertions set forth" in Plaintiff's opening brief. (Doc. No. 26 at 7.) The Commissioner's argument, however, fails to account for the fact that the time entry for work on the reply brief includes not only the hours expended drafting the reply brief, but also time spent reviewing the Commissioner's brief, which was 21 pages in length. Accordingly, the Commissioner's challenge to the time expended in drafting the reply brief presents no basis for deducting any time from Plaintiff's fee request.

As noted above, with respect to fees incurred in the merits portion of this case, the Court deducts 6.5 hours from the total number of hours expended by attorneys in this matter. Plaintiff's EAJA application requests compensation for 1.8 hours of work performed in preparing the application. (Doc. No. 24-1.) Plaintiff's entitlement to fees incurred in obtaining fees is discussed in Section II(C), *infra*. Accordingly, for the purpose of determining the amount of fees awarded on the merits of the case, the Court deducts an additional 1.8 hours from the total of requested hours on the merits portion of the work, **resulting in 31 hours of work performed by Plaintiff's counsel on the merits in this case.** The Commissioner does not challenge any of the hours expended by counsels' "appellate assistant," who expended **1.8 hours of work on the case and is billing at a rate of $40.00 per hour.**

11

### C. Whether Plaintiff is Entitled to Fees for Work Performed to Obtain Fees on the Merits

Finally, Plaintiff requests compensation for 1.8 hours of work performed by Attorney Roose in preparing the EAJA application. (Doc. No. 24-1.) In her reply brief, Plaintiff requests an additional $380.00 – representing two hours of work performed by Attorney Roose – for the preparation of the reply in support of the EAJA fees application in this case (doc. No. 29 at 8), for a total request of 3.8 hours – or $722.00 – for work expended in obtaining fees in this case.

There is no dispute that "time spent preparing, presenting and trying attorney fee applications is compensable." *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). In *Coulter*, however, the Sixth Circuit recognized that "some limitations must be placed on the size of these fees. Otherwise the prospect of large fees later on may discourage early settlement of cases by rewarding protracted litigation of both the civil rights case and the attorney fee case." *Id*. Accordingly, under *Coulter*, fees awarded for litigating initial fee requests are generally subject to the following limits:

> In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation.

*Id*.; *see also id*. at 148, 153 (noting that Congress had adopted 131 fee-shifting statutes, including the EAJA, in order to "provide economic incentive for the legal profession to try meritorious cases defining and enforcing statute policies and

constitutional rights in a variety of fields of legal practice . . . . Congress did not intend that lawyers . . . receive excess compensation or incentives beyond the amount necessary to cause competent legal work to be performed in these fields."). Here, this Court determined the merits of Plaintiff's case without conducting a trial or otherwise requiring work beyond the preparation of briefs. Accordingly, the 3% cap of *Coulter* applies to Plaintiff's request for fees incurred in obtaining fees, and Plaintiff shall be awarded an amount equal to 3% of the amount of fees awarded for work expended on the merits of this case for work performed on her fee application.

**D.     Summary of the EAJA Award**

In sum, Plaintiff's request for fees is DENIED in part and GRANTED in part to the following extent:

- 31 hours expended by Attorneys Roose on the merits of the case, at an hourly rate of $190.00, totaling $5,890.00;

- none of the hours expended by Attorney Kunder;

- 1.8 hours expended by counsels' assistant, at an hourly rate of $40.00, totaling $72.00, resulting in a total of $5,962.00 for work expended on the merits of the case; and

- three percent of the total award for work performed on the merits, or $178.86, for fees incurred in obtaining fees in this case, **for a total fee award of $6,140.86.**

**E.     To Whom the EAJA Award Shall Be Paid**

The materials in support of Plaintiff's EAJA application reflect that Plaintiff has assigned any award of EAJA fees to counsel. (Doc. No. 24-14.) However, pursuant to

13

*Astrue v. Ratliff*, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), any EAJA award should be made payable to Plaintiff and not his attorney so that any pre-existing debt owed by Plaintiff to the government may be subject to administrative off-set. Plaintiff concurs. (Doc. No. 24 at 9.) Accordingly, counsel first shall determine whether Plaintiff owes a pre-existing debt subject to offset; if there is no pre-existing debt or the debt is less than the amount of the EAJA fee award, the balance of the EAJA fee award shall be made payable to Plaintiff's counsel per the assignment in the record.

### III. CONCLUSION

For the foregoing reasons, Plaintiff is awarded a total of $6,140.86 to fully satisfy all reasonable attorney fees, expenses, and costs incurred under the EAJA in this case.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: June 16, 2015